UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LEWIS YOUNGMAN,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD, a
Liberian Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEWIS YOUNGMAN, a Florida resident and citizen sues Defendant, ROYAL CARIBBEAN CRUISES LTD, a Liberian Corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff, LEWIS YOUNGMAN, is sui juris and is a permanent resident and citizen of the State of Florida.

3. Defendant, ROYAL CARIBBEAN CRUISES LTD is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, Defendant is both a citizen of Liberia and a citizen of Florida.

4.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §1333, based on admiralty. The events and injuries alleged below occurred on navigable waters and involved traditional maritime activity, the operation of a passenger cruise vessel.

5.      At all material times, Defendant has conducted ongoing substantial and not isolated activities in this District, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.      At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.      In the Operative Ticket Contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.      Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9.      Plaintiff has complied with all conditions precedent to bringing this action, including serving the Defendant with the written notice of claim required by the contract. The Plaintiff initially gave the Defendant timely written notice of the claim as required by the ticket contract on or about February 3, 2023, when Plaintiff was initially represented by prior counsel, a copy of which is attached as Composite Exhibit 1.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "MARINER OF THE SEAS."

11.     At all material times, including the injury date of August 21, 2022, the Plaintiff was a fare paying passenger aboard the MARINER OF THE SEAS and in that capacity was lawfully attempting to board the vessel via a gangway.

12.     At all material times, including the injury date of August 21, 2022, Plaintiff required the use of a mobility scooter to assist with mobility and was operating the scooter while attempting to board the vessel, unassisted by any employees or crew members of Defendant.

13.     At all material times the gangway Plaintiff was attempting to use to board the MARINER OF THE SEAS was in a high traffic area since it was specifically designated for embarkation of the cruise ship passengers then boarding the vessel.  The gangway was in a condition dangerous to passengers entering the ship, including the Plaintiff, due to its being steep and unleveled.  No alternative embarkation or disembarkation options were available to Plaintiff.

14.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to maintain the ramp safely even or leveled and knew or in the exercise of reasonable care should have known of the slip and fall risks to passengers embarking the vessel, such as the Plaintiff, created by the steep mis-leveling or uneven ramp surface, particularly for passengers requiring assistance in boarding and using mobility assistive devices, such as the Plaintiff. The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway ramps, prior slip and fall instances on uneven or mis-

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

leveled ramps, industry standards regarding ramps and gangways which would increase the risks to passengers, and the length of time the ambient conditions had existed before the Plaintiff attempted to board.  In addition, Defendant at all material times had policies requiring crewmembers to offer assistance in embarkation or disembarkation over gangways to passengers using mobility assistive devices, such as the Plaintiff, and to accompany and monitor passengers using such devices to ensure safe embarkation or disembarkation even if the passenger declines assistance. *See, e.g., Cosseboom v. Royal Caribbean Cruises, Ltd.*, 2021 U.S. Dist. LEXIS 106666 at \*\*7-8, 2021 AMC 2 (S.D. Fla. Case No. 1:20-cv-20343-UU, January 7, 2021).  These corrective measures directed to the special needs of passengers using mobility assistive devices to embark or disembark Defendant's vessels via gangways indicate circumstantially Defendant's actual or constructive knowledge of the special need for assistance of such passengers in embarking or disembarking its vessels. *See Cosseboom* at \*\*14-15.

15.    On August 21, 2023, while attempting to board the MARINER OF THE SEAS using his mobility scooter on the gangway, Plaintiff lost control of the scooter when approaching a steep, uneven or mis-leveled portion of the gangway as described in Paragraph 13 above.  As a result, Plaintiff was ejected from the scooter and fell, sustaining severe injuries including a cervical spinal fracture.

16.    As a direct and proximate result of the ejection and fall from his mobility scooter as described above, the Plaintiff was injured in and about his body and extremities, including a cervical spine fracture requiring surgical intervention, he suffered pain therefrom, mental anguish, disfigurement, aggravation of his preexisting disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, he incurred

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

medical, hospital, and other out of pocket and health care expenses, as a result of his injuries, the future medical expenses being reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I
## NEGLIGENT INSPECTION AND MAINTENANCE OF GANGWAY

17.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above and further alleges the following matters.

18.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully attempting to board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the gangway where Plaintiff fell in a reasonably safe condition. This included a duty to maintain a safely leveled ramp surface to ensure the safe embarkation for its passengers, including the Plaintiff. The duty of ramp maintenance included the responsibility to inspect the ramp for any mis-leveled or uneven unsafe conditions and timely to correct those conditions when they occurred and prior to passengers such as the Plaintiff attempting to embark the vessel.

19.     At all material times the Defendant knew or should have known of the dangerously uneven or mis-leveled nature of the gangway surface and the consequent danger to passengers embarking the vessel, such as the Plaintiff, for the reasons set forth in Paragraphs 13 and 14 above.

20.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway, the Defendant failed before the time of the Plaintiff's ejection, fall and injury to take reasonable measures to maintain the ramp in a reasonably safe condition and thereby to correct the unreasonably steep, mis-leveled, or uneven condition of the ramp or appropriately

to adjust the positioning of the ramp. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

21.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff was ejected from his motorized scooter as alleged in Paragraph 15 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II
## NEGLIGENT FAILURE TO WARN

22.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above and further alleges the following matters.

23.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully attempting to board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff of any slip and fall risks created by the condition of the ramp, including excessive steepness of its slope, unevenness or mis-leveling, and the consequent need for assistance in boarding, especially for passengers using assistive devices such as the Plaintiff, in order to ensure safe embarkation for passengers including the Plaintiff.

24.     At all material times the Defendant knew or should have known of the dangerously uneven or mis-leveled nature of the gangway surface and the consequent danger to passengers embarking the vessel, such as the Plaintiff, for the reasons set forth in Paragraphs 13 and 14 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

25.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway, the Defendant failed before the time of the Plaintiff's injury, to take reasonable measures adequately to warn of the risks to its passengers, including the Plaintiff, through adequate signage, orally delivered or written warnings, or otherwise.

26.     As a direct and proximate result of the Defendant's negligent failure to warn as described above the Plaintiff was ejected from his motorized scooter as alleged in Paragraph 15 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

   **WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## <u>COUNT III</u>
## <u>OPERATIONAL NEGLIGENCE - BREACH OF DUTY OF AID AND ASSISTANCE</u>

27.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above and further alleges the following matters.

28.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to offer reasonable aid and assistance to passengers actually or constructively known to be ill or injured.  This duty included the duty to take reasonable steps to offer necessary assistance to passengers embarking Defendant's vessel through ramps and gangways while using mobility assistive devices, such as the Plaintiff in order to ensure their safe embarkation.

29.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to offer assistance to passengers using mobility assistive devices in the process of embarking its vessel through the ramp and gangway and knew or should have known

of the ejection and fall risks to passengers embarking the vessel while using mobility assistive devices, such as the Plaintiff, for the reasons set forth in Paragraphs 13 and 14 above.

30.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the Plaintiff's required use of a mobility scooter as a mobility assistive device and consequent particular need for assistance in embarkation, due to the Plaintiff's visibly sitting in and operating a mobility scooter while approaching the gangway, and accordingly knew or should have known that the Plaintiff had limited mobility and would require additional assistance, beyond that offered to other passengers without the Plaintiff's limited mobility, in navigating the gangway and thereby embarking the ship.

31.     Notwithstanding Defendant's actual or constructive knowledge as alleged above, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to assist the Plaintiff in embarking the vessel under the prevailing conditions, including a failure to provide adequate monitoring of his progress while using the scooter and stabilization of the scooter, through the use of spotters to accompany him or otherwise.  The Defendant thereby failed to exercise reasonable care for the safety of the Plaintiff and was thereby negligent.

32.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff was ejected from his mobility scooter as alleged in Paragraph 15 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## COUNT IV
## NEGLIGENT FAILURE TO SUSPEND, DELAY OR STOP DISEMBARKATION

33.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above and further alleges the following matters.

34.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully attempting to board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain safe ingress and egress to and from the Defendant's vessel through ramps and gangways and to ensure safe embarkation for passengers including the Plaintiff.  This duty of reasonable care included a duty to delay, stop or suspend embarkation procedures under conditions which would be dangerous for passengers.

36.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the hazard posed to passengers embarking on its vessel through the ramps and gangways for the reasons alleged in Paragraphs 13 and 14 above.  In addition, the Defendant knew or should have known of Plaintiff's reliance on a mobility scooter as a mobility assistive device due to his visible use of the scooter while approaching the gangway.

37.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway and Plaintiff's reliance on a mobility scooter as alleged above, the Defendant failed, before the time of the Plaintiff's injury, to take reasonable measures to delay or suspend embarkation procedures or to stop passengers, including the Plaintiff, from embarking the vessel until such time as the slip and fall hazard created by ramps with too steep a slope and uneven or mis-leveled ramps and gangways were made safe for embarking.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

YOUNGMAN, LOUIS v. RCCL

38.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff was ejected from his mobility scooter as alleged in Paragraph 15 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed on this 12th day of May 2023.

> */s/EDWARD S. SCHWARTZ*
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> NICHOLAS I. GERSON
> Bar Number No. 0020899
> ngerson@gslawusa.com
> Filing@gslawusa.com
> mpringles@gslawusa.com
> xdiaz@gslawusa.com
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> DAVID MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> GERSON & SCHWARTZ, P.A.
> 1980 Coral Way
> Miami, Florida 33145
> Telephone:     (305) 371-6000
> Facsimile:     (305) 371-5749
> Attorneys for Plaintiffs

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com