UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21796-BLOOM/Otazo-Reyes

LEWIS YOUNGMAN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises, Ltd.'s ("Royal Caribbean") Motion to Dismiss Plaintiff Lewis Youngman's Complaint, ECF No. [5] ("Motion"), filed on June 13, 2023. Plaintiff filed a Response in Opposition, ECF No. [11], to which Defendant filed a Reply, ECF No. [12]. The Court has reviewed the Motion, Response, Reply, the record in this case, the applicable case law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

This is a maritime personal injury action. The following facts are alleged in the Complaint:

On August 21, 2022, Plaintiff was a mobility-impaired passenger aboard Royal Caribbean's vessel, *Mariner of the Seas*. ECF No. [1] ¶¶ 11-12. "[W]hile attempting to board the *Mariner of the Seas* using his mobility scooter on the gangway, Plaintiff lost control of the scooter when approaching a steep, uneven or mis-leveled portion of the gangway[.]" *Id.* ¶ 15. "As a result, Plaintiff was ejected from the scooter and fell, sustaining severe injuries including a cervical spinal fracture." *Id.*

Plaintiff alleges four Counts: Negligent Inspection and Maintenance of Gangway (Count I), Negligent Failure to Warn (Count II), Operational Negligence – Breach of Duty of Aid and Assistance (Count III), and Negligent Failure to Suspend, Delay or Stop Disembarkation (Count IV).

Defendant moves to dismiss Count IV. ECF No. [5]. Defendant argues that Count IV is essentially a "negligent mode of operation claim," which is not recognized in maritime law. *Id.* at 3. Plaintiff responds that Count IV is not a "negligent mode of operation claim" because it "tie[s] the allegations of negligence to the specific circumstances of [Plaintiff]'s injury." ECF No. [11] at 2.

## II.   LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Case No. 23-cv-21796-BLOOM/Otazo-Reyes

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. General Maritime Law

In cases involving torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case.").

### III. DISCUSSION

The issue is whether Count IV of Plaintiff's Complaint is a "negligent mode of operation claim," a theory of liability that the parties agree is not recognized in federal admiralty law. ECF No. [5] at 4 (citing *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 910 (11th Cir. 2017) ("No court has ever held that this claim exists in federal admiralty law."); *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1297 (S.D. Fla. 2021)).

3

"[T]he basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition." *Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015) (quoting *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002)). This theory of liability "looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." *Id.* (quotation marks omitted). According to the Eleventh Circuit, such a theory of negligence is "at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition." *Malley*, 713 F. App'x at 910 (citing *Keefe*, 867 F.2d at 1322).

Plaintiff responds that Count IV is not a "negligent mode of operation" claim because it "tie[s] the allegations of negligence to the specific circumstances of [Plaintiff]'s injury." ECF No. [11] at 2. Plaintiff argues that Defendant had constructive and actual notice that Plaintiff was using a mobility scooter, and Defendant knew that mobility-impaired passengers "require assistance beyond that afforded to passengers in general." ECF No. [11] at 3 (citing *Cosseboom v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-20343-UU, 2021 WL 2256266 (S.D. Fla. Jan. 7, 2021)). Notwithstanding Defendant's knowledge of both the dangerous condition of the gangway and Plaintiff's reliance on a mobility scooter, Defendant "failed to suspend or delay embarkation procedures until the known dangers could be addressed and the gangway 'made safe for embarking,' either through physical changes or the offering of additional boarding assistance as required." *Id.* (quoting ECF No. [1] ¶ 37).

The Court agrees with Defendant that "much of Plaintiff's argument in the Response seems far more related to Counts I and II of the Complaint and Royal Caribbean's alleged notice of a dangerous condition regarding the subject gangway." ECF No. [12] at 2-3. The basis of Count IV is that Defendant "failed, before the time of the Plaintiff's injury, to take reasonable measures to

4

delay or suspend embarkation procedures or to stop passengers, including the Plaintiff, from embarking the vessel until such time as the slip and fall hazard created by ramps with too steep a slope and uneven or mis-leveled ramps and gangways were made safe for embarking." ECF No. [1] ¶ 37. To the extent Count IV alleges that the gangway was in an unsafe condition at the time of Plaintiff's embarkation, it is duplicative of Count I. To the extent Count IV seeks to hold Defendant liable "with respect to its policies and procedures" relating to mobility-impaired passengers in general, Count IV is setting forth "a negligent mode of operation" claim, which "is foreclosed by Eleventh Circuit precedent." *Quashen*, 576 F. Supp. 3d at 1297. Therefore, Count IV fails to assert a claim upon which relief can be granted.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [5]**, is **GRANTED**.
2. Count IV of Plaintiff's Complaint, ECF No. [1], is **DISMISSED WITH PREJUDICE**.
3. Defendant shall file an Answer to the Complaint **no later than August 22, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 11, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record